## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KYUNG HYE YANO, Individually and as Guardian/Parent/Next Friend of S.Y., a minor, <br><br> Plaintiff, <br><br> v. <br><br> CITY COLLEGES OF CHICAGO; HARRY S. TRUMAN COLLEGE; MOHAMED EL-MAAZAWI; PRISCILLA LANCKI; ELIA LOPEZ; ELIZABETH ROEGER; LYNN M. WALKER; PERVEZ RAHMAN; CHANCELLOR WAYNE WATSON; BOARD OF TRUSTEES, CITY COLLEGES OF CHICAGO; and JOHN/JANE DOES, <br><br> Defendants. | No. 08 C 4492 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff, individually and as a guardian of S.Y., a minor, seeks leave to amend and supplement her complaint pursuant to Rule 15(a)(2). I dismissed Plaintiff's complaint in part leaving Counts I and II against the institutional defendants only on behalf of S.Y., Count IV, the § 1983 portion of Count VI against the individual defendants only, and Count VII. Specifically, Plaintiff seeks to add Gabriel Hose as a defendant to Count VII, assault, and to add a defamation count against new defendant, Professor Rudra Dundzila. For the following reasons, Plaintiff's motion to amend is granted in part and denied in part.

## I. BACKGROUND

Plaintiff's complaint is rooted in alleged harassment and discrimination suffered by S.Y. at Truman College. S.Y., born on June 19, 1996 is "an academically gifted child" of Asian

descent who entered Truman College in 2006 after graduating from high school at the age of 9. Kyung Hye Yano ("Yano" or "Plaintiff") is S.Y.'s mother. S.Y. completed 51 hours at Truman College before she withdrew because of the alleged harassment and discrimination she suffered.

Count VII of Plaintiff's complaint was based on the actions of an unknown individual who tailgated Plaintiff and her family. Plaintiff stated in the complaint that she was unable to identify the person behind the harassment because she had not obtained a copy of the Police Report from the April 2008 incident. Plaintiff has now obtained the Police Report and identified Gabriel Hose as the John/Jane Doe named in the complaint. Gabriel Hose was a professor at Truman College, and shared an office with another named Defendant, Mohamed El-Maazawi.

In Count VIII, Plaintiff brought a state law defamation claim alleging that certain Defendants made "false and malicious statements of fact about S.Y.'s intelligence, veracity, ethics and maturity in an effort to destroy her reputation and ability to pursue her education at Truman College." I dismissed Count VIII based on Defendants' immunity. Plaintiff now asks to add a defamation claim against Professor Dundzila based on a newly discovered email dated December 15, 2007.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave from the court, and the court "should freely give leave when justice so requires." Though this rule "reflects a liberal attitude" towards amending pleadings, a proposed amendment may be denied if the moving party "has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citations and quotation marks omitted).

**A. Plaintiff's Defamation Claim**[1]

Plaintiff seeks to assert a new defamation claim against Professor Rudra Dundzila based on an email produced to Plaintiff during discovery. The email was sent by Professor Dundzila and dated December 15, 2007. In the email, Professor Dundzila describes Plaintiff as "psychotic," "lunatic," "crazy," "insane," and "a trouble maker." Likewise, Professor Dundzila describes S.Y. as "anti-social," and states that she is "NOT the gifted child her mother claims her to be," and "does very poorly in groups." Plaintiff will allege that the statements made by Professor Dundzila caused damage to both her and S.Y.'s reputations, and impacted the way they were both treated by professors and administrators at Truman College.

Defendant argues that the proposed new claim against Dr. Dundzila should be denied as futile because it is untimely. Illinois defamation actions have a one-year statute of limitations. 735 ILL. COMP. STAT. 5/13-201. The statute of limitations on a defamation claim generally begins to run on the date of publication of the allegedly defamatory material. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradsheet, Inc.*, 334 N.E.2d 160, 161 (Ill. 1975). However, under certain circumstances, Illinois courts apply the "discovery rule" such that the statute of limitations does not accrue until the plaintiff knew or reasonably should have known of his or her injury. *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1195 (Ill. App. Ct. 2006). The discovery rule should not be applied "unless the publication was hidden, inherently undiscoverable, or inherently unknowable." *Id*. Illinois also has a tolling statute that applies to minors. This statute tolls the statute of limitations of specified actions until two years after the

---

[1] Defendants do not argue that the statements contained in the email are not actionable defamatory statements, nor do they contend that Professor Dundzila is immune from the claim.

3

person attains the age of eighteen. 735 ILL. COMP. STAT. 5/13-211. Defamation claims are covered by this tolling statute.

Defendants argue that the new defamation is untimely and precluded by the statute of limitations on two grounds. Citing to the recent case of *Peal v. Lee*, 933 N.E.2d 450 (Ill. App. Ct. 2010), Defendants first argue that Plaintiff's defamation claim is precluded because she knew about her injury in 2008. In *Peal,* the court rejected the plaintiff's attempt to amend his complaint by bringing additional defamation claims against a new defendant, and adding a new defamation claim against an existing defendant. In the first instance, the plaintiff did not learn of the defamatory statement made by a colleague in 2005 until the colleague's deposition in 2009. The court found this claim time barred because the plaintiff knew that he had an injury and a cause of action in 2005. At that point "the statute of limitations began to run and the burden fell upon [the plaintiff] to inquire further." *Id*. at 461. The court noted that the plaintiff's "own negligence in failing to comprehensively investigate his cause of action [] was his own doing." *Id*. Similarly, the plaintiff sought to add a claim against an existing defendant, arguing that it was only in August 2008 that he learned of the remarks allegedly made between 2000 and 2003. Likewise, the court found this argument "baseless" because the plaintiff had "sufficient information concerning his injury" and yet failed to "timely investigate and file these claims." *Id*.

Defamation claims brought on behalf of S.Y., a minor, are protected by the tolling statute and are therefore not precluded. Regarding injuries to the Plaintiff, she claims that as of August 2008 she knew that someone at Truman College was defaming her daughter. Though Plaintiff became aware of an injury to her daughter in 2008, she was not aware of any injury to herself

4

until the production of the email written by Professor Dundzila. Because she only became aware of the injury to herself when the email was produced, *Peal* does not bar Plaintiff's claim against Professor Dundzila.

Next, Defendants argue that the email upon which the defamation claim is based was produced in July 16, 2009. Accordingly, because Plaintiff did not bring a claim until August 2010, her claim should be barred. Though Defendants claim to have produced the defamatory email on July 16, 2009 (bates stamped D0431-D0433), the printed email itself has a header date of October 13, 2009, presumably indicating a print date. This is at odds with Defendant's claim that the document was produced in July 2009. Defendants have produced no evidence to support their claim that the document was produced in July 2009. Furthermore, Plaintiff states that she was served with the email in question on or about May 24, 2010. Because the email indicates that it was printed on October 13, 2009, I am unwilling to accept that it was produced in July 2009. Accordingly, Plaintiff's defamation claim is not precluded by the statute of limitations.

### B. Plaintiff's Claim Against Gabriel Hose

Plaintiff seeks leave to add Gabriel Hose ("Hose") as a defendant, replacing the "John/Jane Doe" identified in the complaint. Defendant opposes this amendment arguing that the claim against Hose is futile. I agree.

Pursuant to Illinois statute, assault is "conduct which places another in reasonable apprehension of receiving a battery." 720 ILL. COMP. STAT. 5/12-1(a). "Ever since the fourteenth century, assault whether civil or criminal has involved (1) a threatening *gesture*, or an otherwise innocent gesture made threatening by the accompanying words, that (2) creates a reasonable apprehension of *imminent* harm." *Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th Cir.

2004). Plaintiff alleges that tailgated her car when she left her home with her children, pulled up beside her car to pass, and looked at her with a hostile expression. She states that his caused her fear of imminent harm. Plaintiff filed a police report following the incident.

Defendants argue that Plaintiff's assault claim is futile because the harm she alleges does not constitute an assault. Specifically, Plaintiff's allegation that Hose traveled too closely behind her and her family does not constitute an assault because there was no threatening gesture, nor a present threat.

Plaintiff, S.Y. and Plaintiff's son, Sho Yano, all testified that Hose followed their vehicle "very close[[ly]" when they left their home. The vehicle displayed a Truman College parking card which created apprehension among both Plaintiff and S.Y. They further testified that Plaintiff reduced her speed, and yet the car continued to closely follow their vehicle, even though he could have easily passed Plaintiff's car. Hose then made a threatening gesture by pulling along side the Plaintiff's vehicle and looking at them with a hostile expression as he passed their car. These statements are consistent with the Police Report. Plaintiff argues that this conduct supports a *prima facie* cause of action for assault. I disagree.

Plaintiff does not allege that Hose attempted to crash their vehicle, or anything similar. In *Kijonka*, an assault claim arose out of allegations that the plaintiff "drove by my house and stopped and roled [*sic*] his window down and gave me a dirty look and said you have a nice day and your ass is mine you son of a bitch and I will get you." *Kijonka*, 363 F.3d at 646-47. The Court in *Kijonka* found that there was no threatening gesture in the actions described. *Id*. at 647. The Court further noted that "[i]t's not as if Kijonka had said, 'I have a gun in my glove compartment and I'm going to reach in and get it and shoot you, you son of a bitch.' Even that

would have been a threat rather than an assault until he actually reached toward the glove compartment." *Id*. Here, Plaintiff has failed to show that Hose's actions constitute an assault claim because "there was no threatening gesture, nor even a present threat." *Id*. at 647. Plaintiff states that Hose followed her car too closely, pulled up along side her, and looked at her and her children with a hostile expression. Plaintiff does not allege that Hose's car came close to hitting them or that she believed that he intended the cars to collide. Likewise, Hose neither said nor did anything to show that he intended to cause Plaintiff any imminent harm. Even if I considered Hose's conduct a threatening gesture, there are no facts to show that Plaintiff was in fear of any imminent harm. Accordingly, Plaintiff's motion to amend her complaint as to Hose is denied as futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the complaint is granted in part and denied in part. Plaintiff is granted leave to add a defamation claim as to Professor Dundzila, but is denied leave to amend her assault claim.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: November 10, 2010