# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYUNG HYE YANO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 08-cv-04492 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| CITY COLLEGES OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Sayuri Yano ("Plaintiff") has sued Dr. Priscilla Lancki ("Lancki") and Dr. Mohamed El-Maazawi ("El-Maazawi"), two of her former professors at Harry S. Truman College ("Truman College"), for intentional infliction of emotional distress.[1] In anticipation of the scheduled jury trial, the parties have filed a total of nine motions *in limine*. (Dkt. Nos. 182-190.) The following constitutes the Court's rulings on these motions.

## LEGAL STANDARD

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). District courts have broad discretion in ruling on motions *in limine*, however evidence should not be excluded before trial unless it is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (motions *in limine* permit the trial judge "to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose"); *see also Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1023

---

[1] At the summary judgment stage, the Court dismissed Plaintiff's claims against several other defendants and the counts of the Complaint alleging claims for gender discrimination, national origin discrimination, defamation, equal protection violations, and First Amendment retaliation. (*See* Dkt. Nos. 145 & 155.)

(N.D. Ill. 2011). "Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury." *Jonasson*, 115 F.3d at 440. Moreover, rulings on motions *in limine* are necessarily preliminary and may be altered by the district judge even if nothing unexpected happens at trial. *Luce,* 469 U.S. at 41; *Farfaras v. Citizens Bank & Trust of Chicago,* 433 F.3d 558, 565 (7th Cir. 2006).

## DISCUSSION

### I. Plaintiff's Motions *in Limine*

#### A. Plaintiff's Motion *in Limine* No. 1 (Dkt. No. 188)

Plaintiff first seeks to bar references to any financial aid or scholarships that she received. Defendants do not object. Accordingly, Plaintiff's motion is granted.

#### B. Plaintiff's Motion *in Limine* No. 2 (Dkt. No. 189)

Plaintiff next seeks to bar references at trial to complaints that she made about her treatment by instructors at schools other than Truman College. This motion is a counterpart to Defendants' Motion *in Limine* No. 6 (Dkt. No. 187), in which Defendants argue that they should be able to introduce evidence that, after she left Truman College, Plaintiff complained that her test papers were lost or tampered with while she was a student at Roosevelt University ("Roosevelt") and the Illinois Institute of Technology ("IIT"). Plaintiff contends that evidence of her complaints at other schools constitutes impermissible character evidence under Federal Rule of Evidence 404(a) and, furthermore , that allowing such evidence would cause the jury to speculate unfairly that she was lying about testing irregularities and bias claims.

Defendants themselves admit that they seek to introduce evidence of the other complaints so that the jury may "draw the inference that the issue of test tampering and inadequate security

2

procedures might not have actually been an issue at all, but that it was [Plaintiff] who would claim such issues any time that she was performing below an 'A' grade level." (Defs.' Resp. at 4, Dkt. No. 191.) However, they argue that the evidence is nonetheless admissible under Federal Rule of Evidence 404(b)(2) to show motive, intent, or planning on the part of Plaintiff. In short, Defendants intend to argue that Plaintiff intentionally (and presumably falsely) claimed professor misconduct whenever she received a poor grade in a class, so that she could either re-take the exam or withdraw from the class. Defendants also argue that Plaintiff's complaints from her time at Roosevelt and IIT are relevant to Plaintiff's damages calculations, since they contributed to her emotional distress but were not caused by Defendants' conduct.

The Seventh Circuit has, in the past, used a four-part test to determine whether evidence should be admitted under Rule 404(b). Under that test, the party seeking to introduce the evidence had to demonstrate that: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *United States v. McMillan*, 744 F.3d 1033, 1038 (7th Cir. 2014) (quoting *United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011)).[2] The Seventh Circuit recently abandoned this specific four-part test "in favor of a more straightforward rules-based approach," which is "less a substantive modification than a shift in paradigm that we hope will produce

---

[2] While the Rule 404(b) cases cited herein are criminal cases, the principles apply equally in the civil context. *See Huddleston v. United States,* 485 U.S. 681, 685 (1988) ("Federal Rule of Evidence 404(b) – which applies in both civil and criminal cases – generally prohibits the introduction of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.").

3

clarity and better practice in applying the relevant rule of evidence." *United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014). In *Gomez*, the Seventh Circuit explained the new standard as follows:

> [T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way. *See* Fed. R. Evid. 401, 402, 404(b). Other-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to "another purpose" must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case. If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered is actually at issue in the case.

*Id.* at 860.

On the one hand, the Court tends to agree with Defendants' characterization of the evidence as potentially show motive, intent, or planning. The complaints that Defendants are seeking to introduce took place directly after[3] the complaints involving the Defendants, and involve the same type of allegations — testing irregularities and bias on the part of professors. On the other hand, Defendants have not introduced any evidence to support a jury finding that the Plaintiff *lied* about professor misconduct at Roosevelt and IIT. While Defendants certainly have evidence (in the form of e-mails from Plaintiff and admissions during her deposition) that she made complaints regarding testing irregularities and bias at Roosevelt and IIT, they have not introduced any evidence that Plaintiff *made up* those complaints in response to receiving bad grades. *See* Fed.R.Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."); *Gomez*, 763 F.3d at 853-54 ("This requirement remains in full force as a condition of relevance.").

---

[3] Rule 404(b) is not limited to evidence of *prior* acts. *See United States v. Savage*, 505 F.3d 754, 761 (7th Cir. 2007) ("We have recognized that Rule 404(b) does not restrict the evidence concerning other acts to events which took place before the alleged crime.").

4

Defendants also have not shown how the evidence of other complaints does not rely on a forbidden propensity inference –that because Plaintiff supposedly lied at Roosevelt and IIT, she is also lying about what happened to her at Truman College.[4] Defendants are therefore barred from introducing the complaints at Roosevelt and IIT for the purpose of establishing that Plaintiff had a motive, intent, or plan to lie when she received a poor grade. *See Gomez*, 763 F.3d at 856 (quoting *United States v. Lee*, 724 F.3d 968, 976-77 (7th Cir. 2013)) ("When one looks beyond the purposes for which the evidence is being offered and considers what inferences the jury is being asked to draw from that evidence, and by what chain of logic, it will sometimes become clear … that despite the label, the jury is essentially being asked to rely on the evidence as proof of the defendant's propensity to commit the charged offense.").

Even if Defendants could overcome the other obstacles to their proposed 404(b) evidence, they would still have to convince this Court that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Defendants have not proposed to present testimony from any person with firsthand knowledge of the events at Roosevelt and IIT other than Plaintiff. Despite offering no proof that Plaintiff has lied about what happened at those schools, Defendants' argument for admitting the evidence relies upon an assumption that she has in fact lied. The Court finds that it would be unfairly prejudicial to require Plaintiff to rebut Defendants' unsubstantiated speculation about what happened.

---

[4] In the criminal context, the Seventh Circuit held in *United States v. Richards*, 719 F.3d 746, 764 (7th Cir. 2013) that the government cannot use evidence admitted for a non-propensity purpose to "later argue that the evidence shows the defendant's propensity to engage in criminal behavior." In that case, the government argued in its closing argument that other, prior evidence of drug dealing established that the defendant was a drug dealer, and that because the defendant dealt drugs "in California [] he must have dealt in Bolingbrook." *Id.* at 765. The argument Defendants intend to raise here would be extremely similar – that because Plaintiff supposedly lied at Roosevelt and IIT (for which they have introduced no evidence), she must have lied at Truman College.

5

Still, there is an open question as to whether Defendants may introduce the testing irregularities at Roosevelt and IIT for the purpose of mitigating damages. Plaintiff does not refute that her counseling sessions (i) took place, in part, while she claimed to be experiencing testing irregularities at Roosevelt, and (ii) addressed the purported testing irregularities at Roosevelt and IIT, as well as those at Truman College. (Defs.' Reply at 4-5, Dkt. No. 196). The complaints at Roosevelt and IIT might therefore be relevant to whether the damages claimed in this litigation are solely the result of the conduct of the Defendants.

If Plaintiff limits her claims regarding emotional distress to events that took place prior to her first day at Roosevelt, the complaints at that school and IIT would not be relevant. If Plaintiff seeks to introduce evidence from her counseling sessions, which took place while she was at Roosevelt, Defendants would be permitted to introduce the testing irregularities at Roosevelt and IIT to demonstrate that the counseling sessions were not solely evaluating her emotional state based on her claims at Truman College, but were also addressing her emotional state based on her claims at her subsequent schools. *See United States v. Villegas*, 655 F.3d 662, 672 (7th Cir. 2011) ("When a party opens the door to evidence that would be otherwise inadmissible, that party cannot complain on appeal about the admission of that evidence."). As to whether the probative value is outweighed by the danger of unfair prejudice, the Court finds that given the proximity in time, the similarity of the complaints, and the relevance to the damages question, the probative value of the fact that the counseling sessions addressed Roosevelt and IIT is substantial enough to outweigh the danger of unfair prejudice if Plaintiff introduces evidence of the counseling sessions for the purpose of establishing damages. *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) ("Recognizing that most relevant evidence is, by its very nature, prejudicial, we have emphasized that evidence must be *unfairly* prejudicial to require exclusion.

We employ a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice.") (internal quotations and citations omitted) (emphasis in original).

Plaintiff's motion *in limine* is therefore granted as to precluding Defendants from introducing evidence of her complaints at Roosevelt and IIT, with the exception that if Plaintiff introduces evidence from her counseling sessions to support her claim for damages, Defendants may introduce evidence that the counseling sessions addressed Plaintiff's claims of testing irregularities at those other schools as well as Truman College.

### C. Plaintiff's Motion *in Limine* No. 3 (Dkt. No. 190)

Plaintiff also seeks to bar Defendants from reading excerpts from the deposition transcript of third-party witness Youn Kyung Lee at trial. Defendants represent that they have been unable to locate Lee to serve her with a trial subpoena and that, based on certain statements by Lee at the time of her deposition, they believe she may have left the country.[5] If they are unable to locate her in time for trial, Defendants intend to read Lee's deposition testimony to the jury. In support of her motion to preclude Defendants from doing so, Plaintiff points out that Lee's deposition testimony is hearsay and argues that allowing Defendants to use it at trial "is unfair because it does not allow Plaintiff herein to cross examine [Lee] before the Court and before the Jury." (Pl.'s Mot. ¶ 2, Dkt. No. 190.)

Federal Rule of Evidence 804(b) provides that a witness's prior deposition testimony is not excluded by the hearsay rule "if the declarant is unavailable as a witness" and the deposition testimony is "offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b). A witness is unavailable for

---

[5] At the final pretrial conference, Defendants represented that they have made multiple attempts to contact Lee and believe that she may have returned to South Korea, as she previously indicated that her visa was expiring. Defendants further represented that they intend to subpoena Lee at her last known address for trial and will continue to search for her.

purposes of Rule 804(b) if he or she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance." Fed. R. Evid. 804(a)(5). *See also* Fed. R. Civ. P. 32(a)(4) (providing that deposition testimony may be used for any purpose if the court finds that the witness is dead, the witness is more than 100 miles from the place of trial or outside of the United States (unless the absence was facilitated by the party offering the deposition), the witness cannot attend or testify at trial due to age, illness, infirmity, or imprisonment, or the party offering the deposition could not procure the witness's attendance by subpoena).

     Plaintiff does not contest that Lee is unavailable and does not object to the substance of her testimony. Her only objection to the use of the transcript is that it constitutes hearsay evidence. But the Federal Rules of Evidence expressly contemplate use of deposition testimony in lieu of live testimony when the witness is unavailable. That appears to be the case here. Nonetheless, the Court will reserve ruling on Plaintiff's motion *in limine* until it can be determined whether Lee is, in fact, unavailable for trial. Assuming Defendants make an appropriate showing of unavailability, Defendant will be permitted to read portions of Lee's deposition transcript into the record. Consistent with the Federal Rules of Civil Procedure, Plaintiff will be provided the opportunity to introduce other parts of the transcript, as appropriate, and both sides will have the right to object to the admission of any testimony that would be inadmissible if Lee were present and testifying. *See* Fed. R. Civ. P. 32(a)(6), (b). If either party chooses to read from Lee's deposition transcript, the Court and the opposing party must be provided with a copy of the transcript in advance. Fed. R. Civ. P. 32(c).

## II. Defendants' Motions *in Limine*

### A. Defendants' Motion *in Limine* No. 1 (Dkt. No. 182)

In their first motion *in limine*, Defendants seek to bar evidence related to various confrontations between Plaintiff's mother, Kyung Hye Yano, and members of the faculty, administration, and staff at Truman College. Defendants argue that these alleged confrontations are irrelevant to the case at bar because they did not involve Plaintiff herself or Defendants. In response, Plaintiff contends that the confrontations are relevant because "they might add to damages inasmuch as they prevented Kyung Hye Yano from being with her daughter at certain times when her presence would have been helpful to S.Y." (Pl.'s Resp. at ¶ 4, Dkt. No. 194.) Furthermore, according to Plaintiff, these third-parties caused her harm by preventing her mother "from being present for her daughter, or otherwise involved with her daughter's academic career." (*Id.* at ¶ 5.)

To succeed on her intentional infliction of emotional distress claim, Plaintiff must prove: (1) that Defendants' conduct toward her was extreme and outrageous, (2) that Defendants intended their conduct to inflict severe emotional distress or knew that there was a high probability that their conduct would cause severe emotional distress, and (3) that Defendants' conduct did cause Plaintiff severe emotional distress. *See*, *e.g.*, *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 863-64 (7th Cir. 2010). Since all three elements speak specifically to Defendants' conduct, actions by any other person are irrelevant unless they may be attributed to Defendants. Thus, conflicts between Kyung Hye Yano and Truman College parking enforcement staff, conflicts regarding Dean Elizabeth Roeger's investigation of Plaintiff's claims, conflicts involving Professor Elia Lopez, and emails between Dr. Michael Swisher and Dr. Rudra Dundzilla are inadmissible because they cannot be attributed to Defendants.

9

The only other incident mentioned in Defendants' motion *in limine* is the allegation that Kyung Hye Yano felt threatened when she was asked to leave after she was seen staring through a window into Defendant Lancki's biology classroom as Plaintiff and other students were preparing to take a quiz. Yet Kyung Hye Yano was not asked to leave by Lancki; rather, it was Dean Roeger (who is no longer a defendant in this case) who confronted Kyung Hye Yano and asked her to leave. Moreover, in her complaint, Plaintiff stated that Dean Roeger acted "on orders from Dr. Rahman, the Vice President of Truman College." (Am. Compl. ¶ 56, Dkt. No. 84.) Plaintiff did not mention Defendant Lancki with regards to this incident. As Plaintiff does not allege that Defendant Lancki precipitated Dean Roeger's allegedly wrongful act, this incident is irrelevant to the case against Defendant Lancki.

In short, as none of the incidents described in Defendants' motion can be attributed to the Defendants remaining in this case, the motion is granted.

### B. Defendants' Motion *in Limine* No. 2 (Dkt. No. 183)

Defendants next seek to exclude evidence related to an allegedly missing Scantron form for Quiz II in Defendant Lancki's Biology 121 class. Plaintiff claims that after Defendant Lancki told her that she had received a very low grade on Quiz II, Plaintiff asked to see the scantron form that she had completed during the exam. According to Plaintiff, Defendant Lancki then purported to show Plaintiff her Scantron form but, in fact, the form provided was not hers. Plaintiff claims that she knew the Scantron form that Defendant Lancki showed her was not the one she had completed during the exam because it had drawings and eraser marks that Plaintiff never made on her own form.

While Plaintiff originally represented in her response to Defendants' motion *in limine* that she intended to claim spoliation—*i.e.*, that the original Scantron form was lost or destroyed

so that it would not be available as evidence in this proceeding—Plaintiff's counsel represented at the pretrial conference that she no longer intends to pursue that argument. Instead, Plaintiff has now limited her argument to the position that the Scantron provided to her during the meeting with Defendant Lancki was not hers.[6]

The Court denies the motion *in limine* insofar as Plaintiff seeks to argue that the Scantron form provided to her by Defendant Lancki during their meeting to discuss Quiz II was not Plaintiff's Scantron form. Plaintiff will be permitted to testify that when she asked Defendant Lancki for her Scantron form, she was shown a form that was not hers. Plaintiff will also be permitted to explain why she believes that it was not her form. Furthermore, Plaintiff will be permitted to present evidence and argue that Defendant Lancki was unable or unwilling to produce the original Scantron form at the time of the incident and to ask the jury to infer that Defendant Lancki did something with the original Scantron form as part of her infliction of emotional distress on Plaintiff. However, Plaintiff will not be permitted to argue that her original Scantron form was lost or destroyed subsequent to the events in question so that it would not have to be produced in discovery.

C. **Defendants' Motion *in Limine* No. 3 (Dkt. No. 184)**

Defendants also seek to bar Plaintiff from making any reference to the investigation regarding Defendant Lancki's conduct by Truman College or the discipline that Defendant Lancki received from the college for making inappropriate comments to Plaintiff in her Biology 121 class. Plaintiff did not file a response to this motion. Thus, it is not clear how Plaintiff intends to use evidence pertaining to the disciplinary proceedings at trial.

---

[6] During discovery, Defendants produced a copy of the Scantron form that was shown to Plaintiff during her meeting with Defendant Lancki, but they were unable to produce the original form that was shown to Plaintiff. (Defs.' Mot. at 2, Dkt. 183.) Plaintiff does not dispute that the version of the document produced during discovery is a duplicate of what was shown to her at the time of her meeting with Defendant Lancki.

11

Federal Rule of Evidence 407 precludes the admission of evidence of subsequent remedial measures for the purpose of proving culpable conduct. Disciplining an employee qualifies as a subsequent remedial measure. Therefore, the fact that Defendant Lancki received a one-day suspension for making an inappropriate comment to Plaintiff is properly excluded from evidence as a subsequent remedial measure under Rule 407. Likewise, any changes to Truman College's practices, policies, or procedures that were proposed or implemented as a result of the college's investigation (such as those reflected in Defendants' Trial Exhibit 82) are also excluded under Rule 407.

Other courts have determined that while evidence of subsequent discipline cannot be used to establish culpability, Rule 407 does not prevent evidence relating to investigations from being admitted to demonstrate investigative findings, to establish the authenticity of statements made, or to impeach witnesses that deny the authenticity of statements made. *See Helicopters, Inc. v. Bell Helicopters, Inc.*, 805 F.2d 907, 918-19 (10th Cir. 1986) (investigative materials should be permitted since to exclude them under Rule 407 would deprive "injured claimants of one of the best and most accurate sources of evidence and information") (internal quotation omitted); *Duke v. Garcia*, No. 11-CV-784-BRB/RHS, 2014 WL 1318647, at *4 n.4 (N.D.M. Feb. 28, 2014) ("The discipline probably could be introduced to demonstrate the *authenticity* of the text messages or to *impeach* witnesses who deny this authenticity.") (emphasis in original). This Court generally agrees with that approach.

But while Rule 407 does not preclude the introduction of investigative findings, such evidence may still present a problem under Federal Rule of Evidence 403 if its probative value is substantially outweighed by a danger of unfair prejudice or a likelihood of confusing or misleading the jury. *See* Fed. R. Civ. P. 403. Plaintiff has not presented an explanation of how

the college's investigative findings might be probative of the issues in this case. On the other hand, the potential for unfair prejudice and confusion is readily apparent: a jury presented with investigative "findings" might mistakenly believe that certain facts have already been decided or confuse Truman College's standard for determining a violation of its own rules with the legal standard for proving intentional infliction of emotion distress under state law.

Nonetheless, a motion *in limine* should be granted only if the evidence to be excluded is clearly inadmissible for any purpose. If inadmissibility is not clear, "the motion should be denied, or the ruling deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *U.S. v. Rusin,* 889 F. Supp. 1036, 1038 (N.D. Ill. 1995) (quoting *Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (internal quotations omitted). For this reason, the Court reserves ruling on Defendants' motion *in limine* to the extent it seeks to exclude all evidence of the college's investigative findings.

Accordingly, Defendants' motion is granted to the extent Plaintiff seeks to introduce evidence that Defendant Lancki was punished by the college or that the college made or considered changes to its practices, policies, or procedures as a result of its investigation regarding Plaintiff's allegations. However, Plaintiff will be permitted to use information from the investigation to impeach Defendant Lancki or other witnesses. And finally, the Court reserves ruling on whether evidence regarding the findings of the investigation may be admitted notwithstanding the requirements of Rule 403.

        **D.**      **Defendants' Motion *in Limine* No. 4 (Dkt. No. 185)**

Defendants also seek to exclude any reference at trial to an alleged tailgating incident involving Plaintiff, her mother, and Dr. Gabriel Hose ("Hose"). Plaintiff has alleged that Hose

parked outside the Yanos' home one day and that when Plaintiff and her mother subsequently left their home he proceeded to follow and tailgate their vehicle, placing them in fear of imminent harm.

In seeking to exclude evidence of this incident, Defendants argue that Hose's alleged conduct toward Plaintiff, even if true, has no connection to them. Although Defendants acknowledge that Hose and Defendant El-Maazawi shared an office at the time the alleged tailgating occurred, they claim that El-Maazawi and Hose were little acquainted with each other beyond the cursory greetings exchanged between colleagues. Defendants further assert that El-Maazawi and Hose had never spoken to each other about Plaintiff before the alleged tailgating. Thus, according to Defendants, whatever Hose did (or did not do) cannot be attributed to El-Maazawi and should not be introduced as evidence at his trial. Defendants further seek to bar testimony and argument regarding the alleged tailgating incident on the grounds that it would be highly prejudicial to El-Maazawi as well as confusing and misleading for the jury.

Plaintiff, on the other hand, contends that evidence regarding Hose's conduct is probative because it cannot be said that the alleged tailgating "did not contribute to her [Plaintiff's] emotional distress." (Pl.'s Resp. at ¶ 4, Dkt. No. 193.) This, however, misstates the matter to be determined at trial. The purpose of the trial is not simply to determine whether Plaintiff suffered any emotional harm. Rather, it is to determine whether Plaintiff suffered emotional *harm as a result* of Defendants' conduct towards her. Thus, unless Plaintiff can offer an evidentiary basis beyond mere speculation from which a jury might find that Hose acted at the direction or instigation of Defendant El-Maazawi, this incident is irrelevant and cannot be presented at trial. *See* Fed. R. Evid. 401, 402.

Plaintiff also misstates the burden on the party seeking to introduce evidence. Plaintiff asserts that she should be permitted to make arguments and introduce testimony regarding the alleged tailgating because "El-Maazawi is free to introduce evidence suggesting that he had nothing to do with the incident as rebuttal." (Pl.'s Resp. at ¶ 5, Dkt. No. 193.) But Defendants should not be forced affirmatively to rebut every piece of evidence introduced by Plaintiff regardless of the relevancy of that evidence. *See* Fed. R. Evid. 402.

This is not to say that the alleged tailgating incident is categorically irrelevant. Rather, the relevancy of the incident "depends on whether a fact exists" and thus falls within the scope of Federal Rule of Evidence 104(b). Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."). The fact that must exist here for the alleged incident to be relevant is that Defendant El-Maazawi, by some deliberate conduct, must have caused Hose to tailgate or otherwise harass and intimidate Plaintiff. Thus far, however, Plaintiff has pointed to nothing in the record that would support such a finding of that fact. The Court notes that Plaintiff has not proposed to call as a witness Hose, or any other person who might have been privy to interactions between Hose and El-Maazawi that could support such an inference.[7] And Plaintiff has not otherwise asserted that she plans to tie Hose's alleged tailgating to El-Maazawi with anything other than the fact that they shared an office. That simple fact, without more, simply is not sufficient to warrant asking a jury to attribute Hose's conduct to El-Maazawi. Accordingly, the Court grants the motion *in limine*.

---

[7] The Court is aware that Hose is on the list as a person who may be called by Defendants and as such, is reserved as a witness by Plaintiff.

### E. Defendants' Motion *in Limine* No. 5 (Dkt. No. 186)

Defendants next seek to bar Plaintiff from indicating to the jury that Defendants may be indemnified for any damages award against them. Plaintiff does not object. Accordingly, Defendants' motion is granted, with one caveat. If Defendants "open the door" by introducing evidence that they would be personally responsible for damages, or that they would face financial hardship or otherwise have an inability to pay damages, Plaintiff may inform the jury that Defendants will be indemnified for compensatory damages. *See Hillard v. City of Chicago*, No. 09 C 2017, 2010 WL 1664941, at *4 (N.D. Ill. Apr. 23, 2010).

### F. Defendants' Motion *in Limine* No. 6 (Dkt. No. 187)

Lastly, Defendants seek to admit evidence regarding Plaintiff's claims that her test papers were lost or tampered with while she was a student at Roosevelt and IIT, as well as when she attended Truman College. For the reasons discussed above with respect to Plaintiff's Motion *in Limine* No. 2 (Dkt. No. 189), Defendants' motion is denied.

ENTERED:

Dated: December 31, 2014

Andrea R. Wood
United States District Judge