UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYUNG HYE YANO & SAYURI YANO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08 C 4492 |
| ) | |
| CITY COLLEGES OF CHICAGO, et al., ) | Judge Wood |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' POST TRIAL MOTION**

Plaintiff Sayui Yano, by her undersigned attorney and pursuant to Rule 59 of the Federal Rules of Civil Procedure, moves for a new trial. In support of this motion, Ms. Yano states as follows:

1. As this court is well aware, this matter was tried before a jury from January 5, 2015 to January 9, 2015: on January 9, the jury returned a not guilty verdict for the defendants Professors Mohamed El-Maazawi ("Dr. El-Maazawi") and Priscilla Lancki ("Dr. Lancki") on Ms. Yano's intentional infliction of serious emotional distress claims.

2. On December 30, 2014, this court granted the defendants' motion in limine (Document 185) to bar evidence of an incident where Dr. El-Maazawi's office mate and co-professor menacingly tail-gated Ms. Yano and her family. This incident occurred soon after Ms. Yano complained to the school's administration of Dr. El- Maazawi's unacceptable conduct in the lab and class. The circumstantial evidence strongly established that Dr. El-Maazawi urged the co-professor to

1

commit such an act on Dr. El-Maazawi's behalf to inflict further emotional distress on Ms. Yano.

3. In addition, during the trial, Ms. Yano had asked the court to allow her to introduce evidence on Dr. Lancki's discipline by the school for calling Ms. Yano a "little girl" in front of the entire class. While such evidence was initially prohibited under defendants' motion in limine (Document No. 184), the door was opened to allow such evidence during Dr. Lancki's case-in-chief; the court denied Ms. Yano's request to cross examine the doctor or any other witness on her punishment.

4. The court's not admitting this evidence was erroneous and caused a violation of Ms. Yano's substantial rights for several reasons.

5. The trial essentially came down to a swearing match between Ms. Yano, on the one hand, and Drs. El-Maazawi and Lancki, on the other hand.

6. Ms. Yano testified that Dr. Lancki and Dr. El-Maazawi intentionally engaged in conduct during or after classes to inflict emotional distress on her. Dr. Lancki, among other things, called Ms. Yano a "little girl", a "liar", a "slanderer" and a "cheat" during her lectures before a class of approximately thirty students. Dr. El-Maazawi glared at Ms. Yano in the hallways, ignored her safety requests during the labs and was extremely rude to Ms. Yano when she went to his office to ask him some questions.

7. The professors each denied they engaged in such conduct on their direct examinations.

8. Two of Ms. Yano's former classmates were called as witnesses by the defendants to testify that they had not seen nor heard the professors engage in such conduct. Ms. Yano, however, demonstrated during cross-examination that the two witnesses really couldn't recall much of anything and therefore their testimony carried little to no weight.

9. Thus, for all practical purposes, the jury was left to decide which side was telling the truth,

Ms. Yano or the professors.

10. The jury apparently believed the defendants.

12. We respectfully submit, however, that had the jury heard evidence of the tail-gating incident, it would have tilted the credibility battle more probably in Ms. Yano's favor and against Dr. El-Maazawi, thereby resulting in a guilty verdict for the plaintiff.

13. In particular, as the plaintiff would have shown, Dr. El-Maazawi's co-professor at the school began tailgating Ms. Yano beginning in an area in which he could not have expected to be. In addition, this professor's tactics while driving behind the Yano's car--speeding up, slowing down when the Yanos did--undoubtedly could be construed only as tailgating. Had the jury heard this evidence, we believe that it would have been convinced that Dr. El-Maazawi put his co-professor up to engage in such conduct as further intentional acts to inflict emotional distress on Ms. Yano. Thus, the jury would have more probably believed Ms. Yano's testimony in its totality rather than Dr. El-Maazawi's testimony.

14. During the defendants' case in chief, the school called Dr. Roeger. She testified that she believed that Dr. Lancki had the right to teach the class in the manner she saw fit under the principles of academic freedom in the classroom. This testimony could have led the jury to believe that the school did not believe that Dr. Lancki had done anything wrong to Ms. Yano in the classroom. This testimony was prejudicially misleading because in fact the school did believe that Ms. Lancki had engaged in inappropriate conduct regarding Ms. Yano in the classroom. Had the jury heard this evidence, we respectfully submit it would have more probably believed Ms. Yano's testimony in its totality over Dr. Lancki's testimony, thereby ruling in Ms. Yano's favor.

15. Federal Rule of Civil Procedure 59(a)(1)(A) provides that a "court may, on motion, grant a new trial on all or some of the issues - - and to any party . . . after a jury trial, for any reason for

which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). A trial court may grant a motion for new trial where "the clear weight of the evidence is against the jury verdict, the damages are excessive or for some other reason the trial was not fair to the moving party." *Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1293 (7th Cir. 1993), citing *Walden v. Illinois Central Gulf R.R.*, 975 F.2d 361, 365 (7th Cir. 1992). Under Rule 59, a new trial should be granted when the district court's evidentiary rulings are erroneous and affected a party's substantial rights. *Mason v. Southern Illinois Univ. at Carbondale*, 233 F.3d 1036, 1042-43 (7th Cir. 2000).

16. For the reasons stated in the above paragraphs, we respectfully submit the court's evidentiary rulings were erroneous and negatively affected Ms. Yano's substantial rights. By not hearing the excluded evidence, the jury was denied critically important information that would have provided more weight to Ms. Yano's testimony as to what the professors had done to her. In turn, this would have caused the jury to more probably believe Ms. Yano rather than the defendants.

17. Accordingly, under Rule 59, we ask that the court grant Ms. Yano's request for a new trial and admit the evidence it did not let in because of the motions in limine or the court's other evidentiary rulings at trial.

WHEREFORE, Ms. Yano requests that this court order a new trial under Rule 59 because of the erroneous exclusion of evidence that substantially affected her right to a fair trial. Ms. Yano also requests any further relief the court deems equitable and just, including admitting the evidence of tail-gating and the school's disciplinary action against Professor Lancki.

SAYURI YANO and KYUNG YANO

By: /s/ Lawrence Rosen

(One of her Attorneys)

Lawrence Rosen
1360 N. Lake Shore Dr., #503
Chicago, Illinois 60610
312 927-9927
6182199
Larrosen@aol.com

CERTIFICATE OF SERVICE

      I, Lawrence Rosen, an attorney, hereby certify that on February 4, 2015, I caused to be served a copy of the foregoing **Post Trial Motion** in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

Jeffrey Fowler, jfowler@lanermuchin.com
Heather Becker, hbecker@lanermuchin.com
Laner, Muchin
515 North State Street, Suite 2800
Chicago, Illinois 60654
 (312) 467-9800

                                     /s/Lawrence Rosen
                                       Lawrence Rosen