UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| KYUNG HYE YANO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08 C 4492 |
| ) | |
| CITY COLLEGES OF CHICAGO, et al. ) | Judge Wood |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER POST TRIAL MOTION AND HER OPPOSITION TO DEFENDANTS' REQUEST FOR COSTS**

Plaintiff Sayuri Yano, by her undersigned attorney, submits this brief for two purposes: as her reply in further support of her post trial motion and as her opposition to the defendants' requests for costs

### I. PLAINTIFF'S POST TRIAL MOTION SHOULD BE GRANTED

As pointed out in her initial motion, Ms. Yano respectfully submits that the court prejudicially erred in two respects. One, the court wouldn't allow into evidence the Defendant College's discipline of Ms. Priscilla Lancki. Two, the court also refused to allow the Yanos to testify about a tailgating incident involving Mr. Mohamed El-Maazswi's colleague, Dr. Hose, and the Yanos.

**A. The court should have admitted into evidence the discipline imposed on Professor Lancki.**

The defendant's miss the point in arguing why the court had not erred in disallowing evidence of Professor Lancki's disciplinary action by the College. In particular, they argue that a portion of Ms. Yano's counsel's cross examination did not open the door to this evidence, as if

1

this was the plaintiff's argument. But it was not.

Rather, the plaintiff argued that the door was opened when Ms. Roeger testified that Professor Lancki had the right to teach the class in the manner she saw fit under the principles of academic freedom. This testimony obviously was introduced to lead the jury to believe that the Professor had acted appropriately in her classroom at all times. But the disciplinary action taken by the College refutes the implication that the professor behaved appropriately in the classroom. We therefore respectfully submit that the evidence of the disciplinary action would not only have rebutted Ms. Roeger's testimony but also would have further buttressed Ms. Yano's testimony about Professor's Lancki's misconduct. Accordingly, we believe the court prejudicially erred by not allowing this evidence to be introduced.

**B. The Defendants' argument about tailgating also misses the point.**

The defendants argue that the court was correct to exclude the evidence concerning the tailgating incident by citing to the deposition testimony where Dr. Hose denied he did it. That, however, goes to the weight of the evidence not to its admissibility. The plaintiff, on the other hand, had sufficient evidence to refute Dr. Hose's denial, such as his speeding up when they sped up, his glaring at them from his car, and the private spot where he began tailgating the Yanos. Equally importantly is that the plaintiff also had circumstantial evidence as to Dr. Hose's reasons as well. He shared an office with Professor Maazawi, and the tailgating incident began soon after Sayuri complained about Professor Mazaawi's misconduct in the lab and at the College.

Thus the evidence shows that Dr. Hose was tailgating, and that he probably did so at Maazawi's urging or approval to further harass Sayuri. Indeed, there is no other plausible explanation for Dr. Hose's conduct. This evidence would have further buttressed Sayuri's testimony and conflicted with Professor's Maazawi's denials of misconduct.

2

Thus, the court prejudicially erred by not admitting this evidence.

In sum, plaintiff's post trial motion should be granted for the reasons pointed out above and in her initial motion.

## II. THE COURT SHOULD DENY THE DEFENDANTS' REQUEST FOR COSTS

The defendants are requesting an award of their costs as the prevailing party under F.R.C.P. 54. An award of costs is discretionary not mandatory. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 642 (7th Cir. 1991). The "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir. 2009). In deciding whether to award costs, the court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Further, the court can also consider the ability of the party to pay. *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997).

The defendants have not explained why their requested costs were necessary or reasonable, which is their burden to do. They have merely submitted a generic description of the items and the costs that they are seeking from Ms. Yano. We respectfully submit that such generic descriptions do not meet the defendants' burden here

But let us assume for the sake of argument that some requests seem necessary or reasonable on their face. Such as the deposition of the plaintiff herself. There are numerous other requests for costs that, on their face, do not appear reasonable or necessary particularly given the defendants omission to explain to the contrary.

**A. Unnecessary depositions.**

The defendants are seeking deposition fees and transcription costs for the following people: Richard Sojka, $60.30; Christopher Toledo, $69.30; Robert Hughes, $72.90; Michael Swisher, $79.20; Allen Myers, $59.40; Yvonne Harris, $85.50. These individuals were not called as witnesses nor were they defendants in the case. There is no explanation why these depositions had to be taken or how they were used at trial. Thus, the defendants request for these costs, totaling $426.60, should be denied.

Also, Kyung Yano was deposed for 2½ days when one full day would have sufficed. Two and a half days are excessive and she wasn't even called as a witness. Thus, the one other day for her deposition, $912.25, and the half day, $582.50, should be excluded from the costs requested. Similarly, Sayuri was deposed for 3 full days when one day would have sufficed as well. Thus, the charges for the two other days, $841.25 & $834.25, should also be excluded.

In total, all of the defendants' requests for deposition and transcriptions costs and fees should be denied in their entirety because the defendants have failed to meet their burden of showing why such costs were necessary or reasonable. At a minimum, however, $3,596.85 of costs should be denied for the additional reasons stated above.

**B. Copying costs**

As with the requests concerning the deposition costs, the defendants have not explained why the copying costs were necessary or reasonable. Thus, their request for $6,436.20 should be denied in their entirety. This is particular true here where there is no explanation why 39,880 copies (at $3,988) had to be made and why $1, 994.15 of outside copying costs had to be incurred.

4

**C. Witness fees**

As with the requests concerning the deposition costs, the defendants have not explained why the witness fees were necessary or reasonable. Thus, their request for $736.64 should be denied in its entirety. For example the defendants have requested witness fees for people who weren't called as witnesses at trial: Joy Walker, $48.96; George Bart, $57.92, Kevin Jankowski, $48.96; Anthony Johnston, $48.96; Katherine Hartmann, $53.44; Betty Nakitende, $53.44; Dao Ngo, $53.44; Gustavo Santana, $54; Anna Tran, $56.80; Youn Kyung Lee $68; and Dr. Xingwu Wang, 48.96. Thus, at a minimum, the amount requested for those fees, $592.88, should be denied.

In conclusion, the defendants' requests for fees for witness travel, for deposition costs and fees, and for copying costs, all totaling $15, 025.34, should be denied, as pointed out above. At a minimum, however, defendants' requests should be denied in the amount of $7171.88 regarding those items that, on their face, do not lead to any conclusion whatsoever whether they were necessary or reasonable.

Sayuri Yano

By: /s/Lawrence Rosen

(Her attorney)

Lawrence Rosen
1360 N. Lake Shore Drive, Unit 503
Chicago, Illinois 60610
312 927-9927
6182199
Larrosen@aol.com

CERTIFICATE OF SERVICE

      I, Lawrence Rosen, an attorney, hereby certify that on April 6, 2015, I caused to be served a copy of the foregoing memorandum in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

Jeffrey Fowler, jfowler@lanermuchin.com and Heather Becker, hbecker@lanermuchin.com
Laner, Muchin 515 North State Street, Suite 2800 Chicago, Illinois 60654 (312) 467-9800

                              /s/Lawrence Rosen
                               Lawrence Rosen