**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kyung Hye Yano and Sayuri H. Yano, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08-cv-4492 |
| | ) | |
| City Colleges of Chicago, et al., | ) | Judge Andrea R. Wood |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN FURTHER
SUPPORT OF THEIR BILL OF COSTS**

Plaintiffs' objections to Defendants' Bill of Costs fall into three categories: allegedly unnecessary depositions; copying costs; and witness fees. As a preliminary matter though, Plaintiffs' Response seems to focus only upon the reasonableness of the costs as they relate to the trial. This argument misses the fact that most of these costs were related to the fifteen claims against seven other Defendants that were resolved in the Defendants' favor before trial, and for which they are entitled to recover their costs now that the entire case has been resolved.

As brief background, this action was filed on August 8, 2008 and the original Complaint included sixteen separate counts (it listed fifteen but there were two "14th Cause[s] of Action") from two Plaintiffs. [Dkt No. 1] On March 30, 2009, the Court dismissed 11 of those claims, and discovery proceeded on the remainder. [Dkt No. 28] On March 6, 2013 and July 19, 2013, the Court granted summary judgment in favor of Defendants on most of the remaining claims. [Dkt Nos. 144-145 and 154-155] On September 15, 2013, the Court issued an order making it clear that the "only claim that survives is the Count X claim of S.Y. Kyung Hye Yano's participation in the trial is limited to the role of witness and not of plaintiff." [Dkt No. 164] Count X then proceeded to trial on January 5-9, 2015 [Dkt Nos. 221-226], resulting in a jury

verdict in favor of the remaining two Defendants. [Dkt Nos. 228 and 229] The instant Bill of Costs was then filed on February 5, 2015 and the Amended Bill of Costs was filed on March 12, 2015. [Dkt Nos. 232 and 234]

### 1.    Depositions Issues

Plaintiffs object to the Defendants seeking costs for the depositions of Christopher Toledo, Robert Hughes, Michael Swisher, Allen Myers, Yvonne Harris and Richard Sojka. The answer to this argument is very easy – it was Plaintiffs who initiated all of their depositions, not Defendants. (See 2/10/2012 Hearing Transcript, Dkt. No. 112, pg. 18 granting the additional depositions of Hughes, Meyers and Swisher and pg. 18-19 confirming the deposition of Toledo by Plaintiff; the Court's 7/17/2012 order, Dkt. No. 125, granting the deposition of Harris; and Dkt. No. 64 Plaintiff's Notice of Deposition for Richard Sojka, all attached as Exhibit A) Indeed, on August 15, 2011, Plaintiffs filed a motion seeking leave to take up to 20 depositions, noting that they had already taken the depositions of Sojka and Toledo and were seeking to take the depositions of the others [Dkt No. 100 (copy attached as Exhibit B)]; Defendants objected [Dkt No. 104] and on September 22, 2011, the Court granted Plaintiffs' Motion (although limited the duration of the depositions). [Dkt No. 105] Plaintiffs cannot now object to the costs that Defendants incurred as a result of Plaintiffs' own actions.

Plaintiffs also object that the two Plaintiffs were deposed for multiple days. As to Plaintiff Sayuri Yano, due to her age, the Court had established a time limit per day for her depositions. [Dkt. No. 99] Thus, she was not deposed for "3 full days" as Plaintiffs claim in the Motion. Sayuri's deposition consisted of two hours per day, and her counsel never objected to the duration of the depositions contemporaneously.

As to Plaintiff Kyung Yano, the deposition spanned over multiple days at Mrs. Yano's request. (See Kyung Yano deposition transcript excerpts requesting a continuance of her deposition, attached as Exhibit C) Moreover, the duration of the deposition was largely the result of Mrs. Yano's repeated refusal to answer the questions asked. (See Kyung Yano deposition transcript excerpts, attached as Exhibit D)

### 2.    Copying Costs

Plaintiffs object to reimbursing Defendants for their copying costs, consisting of 39,880 pages and $1,994.15 in outside copying costs. Here again, this case spanned six years and involved sixteen claims against nine Defendants, with extensive document production and more than twenty depositions. Moreover, Plaintiffs went through four different attorneys, and in each change, Defendants cooperated with new counsel by reproducing documents. In light of these facts, this volume of document production is not excessive.

### 3.    Witness Fees

Finally, Plaintiffs object to witness fees paid to witnesses who were not ultimately called as witnesses at trial. This argument fails completely for three reasons. First, three of the witnesses Plaintiffs complain about did testify at trial − Katherine Hartmann, Kevin Jankowski and Gustavo Santana. Second, Defendants' need to call witnesses at trial was entirely dictated by the witnesses Plaintiff called and the issues Plaintiff presented at trial. Ultimately, Joy Walker, George Bart, Anthony Johnston and Xingwu Wang were not called because Plaintiff did not seek to introduce disputed evidence concerning the incidents they were involved in. Finally, as to Betty Nakitende, Dao Ngo and Anna Tran, this Court specifically requested that Defendants narrow their witness list and present a few students with representative testimony, rather than all of them, and Defendants did as instructed.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Honorable Court overrule Plaintiffs' objections to Defendants' Bill of Costs and award Defendants the sum of $18,128.99, and such further and additional relief as the Court deems just and proper.

Dated: April 20, 2015

Respectfully submitted,

s/ Jeffrey S. Fowler

Jeffrey S. Fowler
One of the Attorneys for Defendants

Joseph M. Gagliardo (00901989)
Jeffrey S. Fowler (06205689)
Heather Becker (6280584)
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 (telephone)
(312) 466-9479 (facsimile)

## CERTIFICATE OF SERVICE

Jeffrey S. Fowler, an attorney, hereby certifies that he caused the **Defendants' Reply in Support of Their Bill of Costs,** to be filed electronically with the Clerk of the District Court and served on Plaintiff counsel of record by operation of the Court's CM/ECF system, on this 20th day of April 2015, as follows:

> **Lawrence A. Rosen**
> Lawrence Rosen
> 1437 Johnson Dr.
> Suite 1136
> Buffalo Grove, IL 60089
> (312) 927-9927
> Email: larrosen@aol.com

> s/ Jeffrey S. Fowler
> Jeffrey S. Fowler